This precedent will be followed in the present case.

The evidence shows that plaintiff suffered, by defendant's refusal to comply with its agreement, loss in the amount claimed in its petition.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now decreed that there be judgment in favor of the plaintiff Bemis Bros. Bag Company, Inc., and against Farmers' Supply Company, Inc., for $679.50 with legal interest thereon from October 1, 1930, until paid.

Defendant and appellee to pay the cost in both courts.

## TRADERS' SECURITIES CO. v. DUTSCH.*
### No. 976.

Court of Appeal of Louisiana. First Circuit.
March 8, 1932.

For former opinion, see 137 So. 75.

See, also, 14 La. App. 591, 130 So. 361.

Harvey E. & Frank B. Ellis, of Covington, for appellant.

Arthur J. Finney, of Covington, for appellee.

MOUTON, J.

Section 9 of the general act relating to negotiable instruments, Act No. 64 of 1904, page 147, says that the instrument is payable to bearer:

"1. When it is expressed to be so payable. * * *

"3. When it is payable to the order of a fictitious or nonexisting person, and such fact was known to the person making it so payable."

In this case it is contended that the person to whom the trade acceptance bill was made payable was a fictitious or nonexisting person, and that this fact was not known to the acceptor. It is mainly on this contention that the application for the rehearing is grounded, and, though not expressed by this court, was the point upon which the rehearing was granted. A re-examination of the case has led us to the consideration of section 62 of that act, which reads as follows:

"The acceptor by accepting the instrument engages that he will pay it according to the tenor of his acceptance; and admits,—

"1. The existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the instrument; and

"2. The existence of the payee and his then capacity to indorse."

In commenting on that section of the general act relating to negotiable instruments, Brannon in his annotated cases says: "The acceptor of a bill by accepting it, (1) Engages that he will pay it according to the tenor of his acceptance, (2) Is precluded from denying to a holder in due course, the existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the bill."

We found, as was stated in our original opinion, that the plaintiff had acquired the trade acceptance in due course, and, under section 62 of the Negotiable Instrument Law, we hold that defendant could not deny the existence of the drawer, the genuineness of his signature, and his capacity to draw the bill.

This disposes of the real point involved in the rehearing and confirms us in the correctness of the original opinion rendered by this court, which is therefore reinstated and made our final opinion herein. The relief sought in the rehearing is denied.

ELLIOTT, J. (dissenting).

I have not access to the authority cited in connection with Act No. 64 of 1904, § 62, which provides that:

"The acceptor by accepting the instrument

*Writ of certiorari denied by Supreme Court April 25, 1932.

engages that he will pay it according to the tenor of his acceptance; and admits,—

"1. The existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the instrument; and

"2. The existence of the payee and his then capacity to indorse."

But it seems to me that its meaning is substantially like that of the statute and has reference to some real actual drawer, drawee, and indorser who may become obligated on the instrument and obligate himself thereon to others and not to some fictitious or nonexistent person not having the capacity contemplated by the law.

I will take occasion to further say that a bill of exchange must have a drawer, drawee, and· indorser, who may become responsible to an acceptor as a secondary debtor. In this case the ostensible drawer, drawee, indorser is a trade-name, Blackstadt, Inc., which a professed corporation is said to use for the purpose of its jewelry trade. A corporation, as heretofore stated, cannot, like an individual, trade in a fictitious name. It cannot bind itself, nor bind others, except when it trades in its own name. I still dissent for the reasons heretofore stated, and to which I now add the reasons presently stated.